**Domenico ANDRIJIC, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 19632.**

United States Court of Appeals
Ninth Circuit.

Oct. 21, 1965.

---

* Honorable James C. Connell, Chief Judge, United States District Court for the Northern District of Ohio, sitting by designation.

** Honorable Thaddeus M. Machrowicz, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

1. 29 U.S.C. § 151 et seq.

Milton T. Simmons, Donald L. Ungar, Phelan, Simmons & Ungar, San Francisco, Cal., for petitioner.

L. Paul Winings, Gen. Counsel and Charles Gordon, Deputy Gen. Counsel, Immigration & Nat. Serv., Washington, D. C., Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for respondent.

Before CHAMBERS, Circuit Judge, MADDEN, Judge of the Court of Claims, and HAMLEY, Circuit Judge.

PER CURIAM:

Domenico Andrijic applied to the Immigration and Naturalization Service for the withholding of his ordered deportation to Yugoslavia. He did so pursuant to section 243(h) of the Immigration and Nationality Act (Act), 66 Stat. 214 (1952), 8 U.S.C. § 1253(h) (1964), on the ground that, if deported to Yugoslavia, he would be subject to "physical persecution." The application was denied by a special hearing officer, and the order of denial was affirmed by the Board of Immigration Appeals. This review proceeding was then instituted pursuant to section 106 of the Act, 75 Stat. 651 (1961), 8 U.S.C. § 1105a (1964).

On October 3, 1965, after the review proceeding reached this court, section 11(f) of Public Laws 89–236 was enacted, amending section 243(h) of the Act, 79 Stat. 911. The amendment struck out the words "physical persecution" and inserted in lieu thereof "persecution on account of race, religion, or political opinion."

Pointing out that section 243(h) relief is thus no longer expressly limited to cases where the applicant would be subject to "physical" persecution, petitioner contends that the Service should be asked to reëxamine the application in the light of the statute as it now reads.

We agree. The orders of the special inquiry officer and of the Board, in keeping with the statute as it then read, discuss only the possibility of "physical persecution." It is true that, through developing decisional law the quoted term has been given a rather broad reading. However, there is nothing in the record to indicate how broadly the Service read that term in deciding this case, or whether its construction accords with the meaning which must now be given to the statutory term "persecution."

The proceeding must therefore be remanded for further consideration, it being left for the Service to determine, in the exercise of a sound discretion, whether such reconsideration should be had on the present record, or whether the proceeding should also be reopened on the facts.

We express no view at this time concerning the construction to be given the term "persecution," as it appears in amended section 243(h). Nor do we now discuss or decide the other questions presented on the appeal.

Reversed and remanded for further proceedings.